UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>OMAR LAKEITH BROWN,<br><br>           Defendant. | Nos. CR-98-0063-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR RE-SENTENCING |

**THIS MATTER** came before the Court on Defendant's motion for "re-sentencing for retroactive application of amendment sentences previously imposed for certain crack cocaine sentences." (Ct. Rec. 80). Assistant United States Attorney Earl Allan Hicks represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

On August 6, 1998, Defendant was convicted by a jury of possession with intent to distribute 3.9 grams of cocaine base, a violation of 21 U.S.C. § 841(a)(1). Defendant's base offense level was 22. U.S.S.G. § 2D1.1(9). However, Defendant's sentence was adjusted because he was a career criminal. U.S.S.G. § 4B1.1. The appropriate offense level for a Career Offender, when the statutory maximum sentence for the offense is 20 years, is level 32. *Id*. The Court also determined that a downward departure of four offense levels was warranted based on the incomplete defense of duress. (Ct. Rec. 62

ORDER DENYING DEFENDANT'S MOTION . . . - 1

at 6); U.S.S.G. § 5K2.12. Defendant's guideline range, based on an adjusted offense level of 28 and a criminal history category of VI, was 140 to 175 months. Defendant was sentenced at the bottom of the guideline range, 140 months incarceration.

**DISCUSSION**

The Sentencing Guidelines for crack cocaine offenses have been amended. *Guidelines Manual* (2007), Appendix C, Amendment 706. The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (Cocaine Base) listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other substances. This amendment became effective on November 1, 2007. As of March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007 are authorized pursuant to 18 U.S.C. § 3582(c)(2). *U.S. v. Ross*, 511 F.3d 1233, 1237 n. 2 (9th Cir. 2008).

Defendant's motion for re-sentencing provides no specific request for relief, nor supporting argument. Nevertheless, the Court assumes that Defendant contends his Total Adjusted Offense Level should be reduced two levels based on Amendment 706 to the guidelines. (Ct. Rec. 80).

Defendant was convicted by a jury of possession with intent to distribute 3.9 grams of cocaine base and, on November 6, 1998, was sentenced to a term of 140 months imprisonment. The applicable guideline range before any departures was 210 to 262 months derived from a Total Adjusted Offense Level of 32 and a Criminal History

Category of VI.  The court adopted the Base Offense Level of 22 found by the author of the pre-sentence report based on the quantity of drugs involved.  Defendant, however, received a Career Offender enhancement pursuant to U.S.S.G. § 4B1.1 which gave him an offense level of 32 and a Criminal History Category of VI.[1]  In order to impose a 140 month sentence within the guidelines, it was necessary for the Court to depart four levels to a Total Adjusted Offense Level of 28 with a guideline range of 140 to 175 months.  This was a departure authorized by the guidelines.  Defendant did not receive a non-guideline sentence.

Because Defendant was sentenced as a Career Offender, his guideline range is unaffected by Amendment 706.  In other words, the enhanced offense level of 32 for being a Career Offender is not subject to the two level departure authorized by Amendment 706. The enhancement to a level 32 is not based on the quantity of drugs involved, but rather on Defendant being at least 18 years old at the time he committed the offense of conviction (possession with intent to distribute 3.9 grams of cocaine base), the instant offense was a felony that was a controlled substance offense, Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and the statutory maximum for the offense of conviction was "20 years or more."  *See,* U.S.S.G. §4B1.1(a) and (b); *see, also, U.S. v. Riviera*, 535 F.Supp.2d 527, 529-539 (E.D. Pa. 2008).

---

[1] Based on the number of criminal history points assigned to Defendant (14), it appears Defendant would have been in Criminal History Category VI even without the Career Offender enhancement.

ORDER DENYING DEFENDANT'S MOTION . . . - 3

If an amendment to the guidelines does not change the original sentencing analysis, a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) is properly denied. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996). Even if Defendant's Base Offense Level had been 20, instead of 22, his Total Offense Level would still have been 32, as required by U.S.S.G. § 4B1.1, resulting in a Total Adjusted Offense Level of 28 and a corresponding guideline range of 140 to 175 months. Because a two level reduction in Defendant's Base Offense Level has no effect on the applicable guideline range, there is no basis for reducing Defendant's sentence under 18 U.S.C. § 3582(c)(2).

For the reasons set forth above, Amendment 706 does not have the effect of lowering Defendant's applicable guideline range. Hence, a reduction of Defendant's sentence is not authorized under § 3582(c)(2). Accordingly, Defendant's Motion For Re-Sentencing (**Ct. Rec. 80**) is **DENIED**.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to Defendant and to Assistant U.S. Attorney Earl Allan Hicks.

**DATED** this ___7th___ day of October, 2008.

                           S/Fred Van Sickle
                           Fred Van Sickle
                  Senior United States District Judge